USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NML CAPITAL, LTD.,

        Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

        Defendant.
------------------------------------------------------------x
NML CAPITAL, LTD. and
EM LTD.,

        Plaintiffs,

v.

THE REPUBLIC OF ARGENTINA
and BANCO DE LA NACIÓN
ARGENTINA,

        Defendants.
------------------------------------------------------------x

07 Civ. 1910 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

08 Civ. 7974 (TPG)

## ORDER OF ATTACHMENT

To:   **Banco de la Nación Argentina**
      **HSBC Bank USA, N.A.**
      **JP Morgan Chase**

      Plaintiffs NML Capital, Ltd. ("**NML**") and EM Ltd. ("**EM**," and together with NML, "**Plaintiffs**"), having moved pursuant to Rule 64 of the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules for an order of attachment directed to the assets of Defendants the Republic of Argentina ("**Argentina**") and Banco de la Nación Argentina ("**BNA**," and together with Argentina, "**Defendants**"), upon the (1) Supporting Declaration of Suzanne M. Grosso, and exhibits thereto; (2) the Memorandum of Law in Support

of Such Motion; and (3) all other pleadings and papers submitted in these actions, from which it appears that Plaintiffs have met the criteria for prejudgment attachment in that:

1. EM was awarded a final judgment against Argentina on October 27, 2003, in the amount of $724,801,662, which, as of May 28, 2010, has accrued post judgment interest in the amount of $63,106,464.76.

2. NML was awarded five final judgments against Argentina, namely:

    - On December 18, 2006 in No. 03 Civ. 8845, in the amount of $284,184,632, which, as of May 27, 2010, has accrued post judgment interest in the amount of $51,319,408;

    - On May 29, 2009, as amended on June 15, 2009, in No. 05 Civ. 2434, in the amount of $283,131,302, which, as of May 27, 2010, has accrued post judgment interest in the amount of $1,372,139;

    - On May 29, 2009, as amended on June 15, 2009, in No. 06 Civ. 6466, in the amount of $533,378,361, which, as of May 27, 2010, has accrued post judgment interest in the amount of $2,584,912;

    - On May 29, 2009, as amended on June 15, 2009, in No. 07 Civ. 2690, in the amount of $148,781,936, which, as of May 27, 2010, has accrued post judgment interest in the amount of $721,042; and

    - On May 29, 2009, as amended on June 15, 2009, in No. 08 Civ. 3302, in the amount of $290,270,631, which, as of May 27, 2010, has accrued post judgment interest in the amount of $1,406,738.

3. The sum of EM's final judgment and NML's five final judgments (collectively, the "**Final Judgments**"), plus accrued post judgment interest, is $2,385,059,228.

4. There exist six valid causes of action pending before this Court for money judgments in favor of NML and against Argentina for the sum of $765,974,853, as a result of Argentina's default on certain Argentine bonds in 2001 (the "**Pending NML Actions**"), namely:

    - *NML Capital, Ltd. v. Republic of Argentina*, No. 07 Civ. 1910, in which summary judgment was granted to NML on April 10, 2008 for $71,598,000 in principal, and final judgment (including calculation of prejudgment interest) is pending, and in which NML calculates that $97,825,928 in prejudgment interest as of May 27, 2010 is owed;

- *NML Capital, Ltd. v. Republic of Argentina*, No. 07 Civ. 6563, in which summary judgment was granted to NML on April 10, 2008 for $300,000 in principal, and final judgment (including calculation of prejudgment interest) is pending, and in which NML calculates that $436,634 in prejudgment interest as of May 27, 2010 is owed;

- *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 2541, in which summary judgment was granted to NML on March 4, 2009 $16,719,628 in principal, plus prejudgment interest (which NML calculates is $23,461,380 as of May 27, 2010), is claimed;

- *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978, in which the complaint was filed on September 5, 2008, and $81,080,000 in principal, plus prejudgment interest (which NML calculates is $111,707,174 as of May 27, 2010), is claimed;

- *NML Capital, Ltd. v. Republic of Argentina*, 09 Civ. 1707 (TPG), in which the complaint was filed on February 24, 2009, and $30,000 in principal, plus prejudgment interest (which NML calculates is $310,446 as of May 27, 2010), is claimed; and

- *NML Capital, Ltd. v. Republic of Argentina*, 09 Civ. 1708 (TPG), in which the complaint was filed on February 24, 2009, and $156,570,549 in principal, plus prejudgment interest (which NML calculates is $205,935,114 as of May 27, 2010), is claimed.

5. It is probable that NML will succeed on the merits of its claims to recover at least $765,974,853, which is the sum of *(a)* the principal amounts claimed in the Pending NML Actions, and *(b)* the amount of prejudgment interest that NML calculates is owed as of May 27, 2010 in those Actions.

6. There exists a separate valid cause of action against Defendants to have BNA declared an alter ego of Argentina (the "**Pending Alter-Ego Action**"), which would render BNA jointly and severally liable for the Final Judgments and the judgments expected to be awarded in the Pending NML Actions;

7. It is probable that Plaintiffs will succeed on the merits, as set forth in Plaintiffs' proposed Amended Complaint, of the Pending Alter-Ego Action;

8. There are sufficient grounds for an order of attachment pursuant to N.Y. C.P.L.R. ¶ 6201(2) & (3) in that (a) Argentina is a foreign state neither resident in nor qualified to do business in the State of New York, and has repeatedly demonstrated its willingness to remove its assets from the jurisdiction of this Court to evade its judgment creditors; and (b) BNA is a foreign bank that is wholly owned by Argentina, and which has demonstrated its willingness to remove its assets from the jurisdiction of this Court to evade Argentina's judgment creditors;

9. Defendants have no counterclaims for damages against Plaintiffs; and

10. Argentina has both waived and pledged not to assert any immunity from prejudgment attachment to which it, its assets, or the assets of BNA as its alter ego might have been entitled in connection with the Pending NML Actions or the Alter-Ego Action, and further, the property to which this order of attachment is directed is in the United States and used for commercial activity in the United States.

**NOW,** on the motion of Dechert LLP, attorneys for NML, and Debevoise & Plimpton LLP, attorneys for EM, and based upon the undertaking already posted as required by law, referred to below, **IT IS HEREBY**

**ORDERED** that the motion for an order of attachment is granted in its entirety, effective, unless earlier vacated, through the entry of an order pursuant to 28 U.S.C. § 1610(c) following (a) entry of a judgment for NML in all of the Pending NML Actions, and for Plaintiffs in the Alter-Ego Action; or (b) entry of a judgment for the Defendants in the Alter-Ego Action; and that the amount to be secured by this Order is $3,151,034,081; and it is further

**FURTHER ORDERED** that the U.S. Marshals Service for the Southern District of New York or any person appointed to act in his place and stead, or NML's attorneys, EM's attorneys, and their respective employees (including, but not limited to, Bryan J. Block, Jefferson Holder, Nathaniel S. Levy, or any partner, counsel, associate, or other employee of Dechert LLP or Debevoise & Plimpton LLP) as specially appointed pursuant to Fed. R. Civ. P. 4.1, levy upon, but refrain from taking into actual custody pending further order of this Court, the following property within this jurisdiction (collectively, the "Property") at any time before final judgment

in all of the above-captioned actions, such as will satisfy the above-mentioned sum of $3,151,034,081:

(1) BNA's "Asset Pledge" deposit and "Asset Pledge" accounts, consisting of any and all securities, funds or other assets on deposit, pursuant to Section 202-b(1) of the New York Banking Law and Part 51 of the General Regulations of the Banking Board of the State of New York, with any bank(s), trust compan(y)(ies), private banker(s), national bank(s) and/or the Federal Reserve Bank in the State of New York, and any right or claim against, or debt owed by, such bank(s), trust compan(y)(ies), private bank(s), national bank(s) or Federal Reserve Bank arising out of, resulting from or corresponding to such "Asset Pledge" deposit and accounts;

(2) The right, claim and/or entitlement to recover any amounts, assets, funds or property pursuant to Sections 605(11) or 606(4) of the New York Banking Law at the conclusion of any voluntary winding up or involuntary liquidation of the New York Branch of BNA; and

(3) Any property in the United States (whether real or personal, tangible or intangible presently existing or hereafter arising), which could be assigned or transferred as provided in N.Y. C.P.L.R. § 5201, including but not limited to cash, gold, special drawing rights, deposits, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and interests of any kind in the foregoing, directly or indirectly held or maintained in the name of, in a trust held by, or for the use or benefit of BNA or Argentina, and any debt due or to become due to Argentina from you, EXCLUDING: (a) property belonging to the embassy, consulate, or permanent mission to the United Nations of Argentina; and (b) property that is, or is intended to be, used in connection with a military

activity, and is of a military character or is under the control of a military or defense agency; and it is further

**FURTHER ORDERED** that the attachment bond of $250,000 previously posted by EM and NML shall satisfy the bonding requirements for this Attachment Order, of which the total amount is on condition that EM and NML pay Defendants' costs and damages, including reasonable attorneys' fees, that may be sustained by reason of this Attachment Order if it is decided that EM and NML is not entitled to an attachment of the Property described above and are ordered to compensate Defendants;

**FURTHER ORDERED** that the garnishee statement required by CPLR § 6219 shall be served via email and first class email, within 10 days of service on you with this Attachment Order, upon Bethany Davis Noll, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York, 10022, bdavisnoll@debevoise.com;

**FURTHER ORDERED** that Plaintiffs shall: *(a)* move within 10 days after the levy hereunder, or upon such other date as the Court may set, for an order confirming this Attachment Order; *(b)* give notice of the motion to BNA, by serving its counsel, Mark S. Sullivan, Esq. of Dorsey & Whitney LLP, 250 Park Avenue, New York, New York, 10177, via hand delivery; *(c)* give notice of the motion to Argentina, by serving its counsel, Carmine D. Boccuzzi, Jr., Esq. of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York, 10006, via hand delivery; and *(d)* give notice of the motion, via hand delivery or certified mail, return receipt requested, to any garnishee(s) that have submitted a statement pursuant to CPLR § 6219 disclosing that they are or may be in possession of property or debts subject to this Order. If no such motion is made, this Attachment Order and any levy hereunder shall have no further effect and shall be vacated on motion;

**FURTHER ORDERED** that you, your agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Attachment Order by personal service or otherwise, are hereby **ENJOINED AND RESTRAINED** until further Order from this Court from directly or indirectly transferring, or ordering, directing, or requesting or assisting in the transfer, or in any other way affecting the value of, any such property or debt;

**FURTHER ORDERED** that pursuant to N.Y. C.P.L.R. § 6214, the levy effected pursuant to service of this Attachment Order on any garnishee located within the jurisdiction of this Court is extended until 30 days following final resolution of Plaintiff's application with respect to this Attachment Order, including any related appeals, proceedings on remand, and any subsequent appeals.

Dated:   New York, New York
         May 28, 2010
         11:30 A.M.

ENTER:

_____
Thomas P. Griesa
United States District Judge