UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

NML CAPITAL, LTD.,                                      :
                                                        :    08 Civ. 6978 (TPG)
                             Plaintiff,                 :    09 Civ. 1707 (TPG)
                                                        :    09 Civ. 1708 (TPG)
                  v.                                    :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                             Defendant.                 :

-------------------------------------------------------- x
                                                        :
AURELIUS CAPITAL MASTER, LTD. and                       :
ACP MASTER, LTD.,                                       :    09 Civ. 8757 (TPG)
                                                        :    09 Civ. 10620 (TPG)
                             Plaintiffs,                 :
                                                        :
                  v.                                    :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                             Defendant.                 :
                                                        :
-------------------------------------------------------- x
                                                        :
AURELIUS OPPORTUNITIES FUND II, LLC                     :
and AURELIUS CAPITAL MASTER, LTD.,                      :    10 Civ. 1602 (TPG)
                                                        :    10 Civ. 3507 (TPG)
                             Plaintiffs,                 :
                                                        :
                  v.                                    :
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                             Defendant.                 :
                                                        :    **(captions continued on next page)**
-------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER GRANTING CITIBANK, N.A.'S MOTION FOR CLARIFICATION OR MODIFICATION

```
------------------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and          :
AURELIUS OPPORTUNITIES FUND II, LLC,       :        10 Civ. 3970 (TPG)
                                           :        10 Civ. 8339 (TPG)
                        Plaintiffs,        :
                                           :
              v.                           :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                        Defendant.         :
------------------------------------------------- x
BLUE ANGEL CAPITAL I LLC,                  :
                                           :
                        Plaintiff,         :        10 Civ. 4101 (TPG)
                                           :        10 Civ. 4782 (TPG)
              v.                           :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                        Defendant.         :
------------------------------------------------- x
OLIFANT FUND, LTD.,                        :
                                           :
                        Plaintiff,         :        10 Civ. 9587 (TPG)
                                           :
              v.                           :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                        Defendant.         :
------------------------------------------------- x
PABLO ALBERTO VARELA, et al.,              :
                                           :
                        Plaintiff,         :        10 Civ. 5338 (TPG)
                                           :
              v.                           :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                        Defendant.         :
------------------------------------------------- x
```

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ......................................................................................1

BACKGROUND .........................................................................................................4

STANDARD OF REVIEW ............................................................................................7

ARGUMENT .............................................................................................................7

I.      THE CLARIFICATION ISSUED TO CITIBANK SHOULD APPLY
ONLY TO THE PESO-DENOMINATED BONDS, NOT TO THE
DOLLAR-DENOMINATED BONDS ................................................................7

      A.     Citibank Does Not Deny That the Dollar-Denominated Bonds
Are "External Indebtedness," or that the Republic's Payment
of those Bonds Violates the *Pari Passu* Clause and
the Amended February 23 Orders ...............................................9

      B.     The Dollar-Denominated Bonds Have *Not* Been Treated
Differently from Other Exchange Bonds ...................................11

CONCLUSION..........................................................................................................13

Plaintiffs NML Capital, Ltd. ("NML"); Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC (collectively, the "Aurelius Plaintiffs"); Olifant Fund, Ltd. ("Olifant"); and Pablo Alberto Varela, et al. (the "Varela Plaintiffs") (collectively, "Plaintiffs"), through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion for partial reconsideration of the Order (the "Citibank Order") entered by the Court on July 27, 2014, which granted the motion for clarification or modification brought by Citibank, N.A. ("Citibank").

## PRELIMINARY STATEMENT

On June 27, 2014, the Court granted Citibank's motion to clarify or modify the Amended February 23 Orders, and "clarified" that those Orders "do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso- and U.S. Dollar-denominated" Argentine law Exchange Bonds "to customers for whom [Citibank] acts as custodian in Argentina."  Plaintiffs are filing this motion for partial reconsideration to request that the clarification issued to Citibank should be applicable only to the Peso-denominated Argentine law bonds (the "Peso-denominated Bonds") and not to the U.S. Dollar-denominated Argentine law bonds (the "U.S. Dollar-denominated Bonds").

This Court issued the Amended February 23 Orders to remedy the Republic of Argentina's violation of the *pari passu* clause contained in the Fiscal Agency Agreement ("FAA") governing Plaintiffs' bonds.  The clause promised that the Republic would rank its obligations under Plaintiffs' bonds at least equally to its obligations under other "External Indebtedness."[1]  In their papers opposing Citibank's motion, Plaintiffs had acknowledged that

---

[1] The FAA's *pari passu* clause provides *inter alia* that, "The payment obligations of the Republic shall at all times rank at least equally with all its other present and future

the Peso-denominated Bonds are not External Indebtedness as defined in the FAA.  Plaintiffs

therefore are not asking the Court to reconsider that ruling that the Amended February 23 Orders

do not prohibit Citibank and others from helping the Republic to make payments on the Peso-

denominated Bonds.

   However, with respect to the U.S. Dollar-denominated Bonds, Plaintiffs believe

that the Court may have overlooked the undisputed facts that such bonds are External

Indebtedness within the meaning of the FAA, that they are covered by the *pari passu* provision

in the FAA, and that they are Exchange Bonds covered by the Amended February 23 Orders.

Citibank has not argued otherwise.  The definition of External Indebtedness (*supra* footnote 1)

makes clear that what matters is the currency in which a bond is paid, not the governing law.  So,

while the U.S. Dollar-denominated Bonds are governed by Argentine law, they fall squarely

within the definition of External Indebtedness.  This means that when the Republic pays on the

U.S. Dollar-denominated Bonds, without making a Ratable Payment to Plaintiffs, it directly

violates the *pari passu* provision in the FAA <u>and</u> the Amended February 23 Orders.  By virtue of

being External Indebtedness, the U.S. Dollar-denominated Bonds are no less relevant to the *pari*

*passu* covenant than any of the other External Indebtedness issued by the Republic, such as the

New York law bonds for which the Bank of New York Mellon ("BNY") is the paying agent.[2]

---

unsecured and unsubordinated External Indebtedness."  "External Indebtedness" is defined to
mean "obligations (other than the Securities [governed by the FAA]) for borrowed money or
evidenced by securities, debentures, notes or other similar instruments denominated or payable
. . . *in a currency other than the lawful currency of the Republic.*"  (Emphasis added.)  The
definition excludes certain "Domestic Foreign Currency Indebtedness" not relevant here.

  [2] It is worth emphasizing that whether any particular bonds are External
Indebtedness depends on the currency in which they are paid.  Bonds issued by Argentina
payable in U.S. dollars, Euros and Japanese Yen are all External Indebtedness – regardless of the
governing law (even if that law is Argentina) and also regardless of the place of payment.  Thus,

At the oral argument on June 27, Citibank's counsel generically referred to the Peso-denominated Bonds <u>and</u> the U.S. Dollar-denominated Bonds as "internal Argentine Bonds," perhaps because all those bonds are governed by Argentine law.  The reference to the bonds as "internal Argentine Bonds" might have obscured the fact that in contrast to the Peso-denominated Bonds, the U.S. Dollar-denominated Bonds are External Indebtedness and thus are without question both Exchange Bonds and subject to the *pari passu* clause of the FAA.

The issue presented by this motion is important and extends beyond the relief granted to Citibank.  The U.S. Dollar-denominated Bonds are held in U.S. and European accounts of Exchange Bondholders, and the U.S. Dollar-denominated Bonds actively trade in U.S. and European debt markets.  Citibank transfers payments that it receives to non-Argentine entities such as Euroclear Bank SA/NV ("Euroclear") and Clearstream Banking S.A. ("Clearstream"), and those entities pass payments on to participants and bondholders in the United States and Europe.  With respect to the U.S. Dollar-denominated Bonds, allowing payments in the normal course (which the Citibank Order seems to contemplate) would be directly contrary to the terms and intent of the Amended February 23 Orders – and Plaintiffs do not believe the Court intended to do that in providing the clarification requested by Citibank.  Euroclear and Clearstream have now filed motions, based on the Court's ruling with respect to Citibank, asking the Court to rule that those entities should be permitted to transfer funds received from Citibank, so as to effectuate payments to participants and bondholders throughout the United States and Europe.

---

Citibank's characterization of the U.S. Dollar-denominated Bonds as payable in Argentina is irrelevant to the question of whether they are External Indebtedness and whether they are subject to the Amended February 23 Orders.  Indeed, BNY has said that the New York law bonds for which it is trustee – as to which there is no dispute that they are External Indebtedness and covered by the Amended February 23 Orders – are also payable in Argentina.

3

The injunctive relief issued by this Court in the Amended February 23 Orders unquestionably covers the U.S. Dollar-denominated Bonds.  Such bonds are unquestionably External Indebtedness and subject to the *pari passu* provision.  Carving out any foreign currency debt, such as the U.S. Dollar-denominated Bonds, from the coverage of the Amended February 23 Orders dramatically reduces the force of the injunctions.

Plaintiffs therefore move for partial reconsideration, and respectfully request that the Court rule that the Citibank clarification is applicable only to Peso-denominated Bonds, and not to U.S. Dollar-denominated Bonds.

## BACKGROUND

On June 19, 2014, Citibank presented the Court with a motion requesting clarification of the Amended February 23 Orders.  Specifically, Citibank requested a ruling that the Amended February 23 Orders would not prohibit payments by Citibank on peso-denominated and U.S. dollar-denominated bonds governed by Argentine law.  Citibank explained that it wanted to be able to make payments to "customers for whom it acts as custodian in Argentina." Plaintiffs served opposition papers on June 26, 2014.

On June 27, 2014, the Court held a hearing (the "June 27 Hearing") that mainly involved the Bank of New York and $539 million that the Republic had paid the previous day in violation of the Amended February 23 Orders.  At the end of that hearing – after the Court announced it was ready to adjourn – the following colloquy occurred with respect to the Citibank motion:

> MS. WAGNER:  Good morning, your Honor, Karen Wagner from Davis Polk representing Citibank.
>
> Your Honor, we made a motion last week which has become extremely urgent.  Citibank Argentina is a branch bank in Argentina, and it expects to receive a payment on some bonds

4

shortly.  It has not received the payment yet.  **The bonds for which it is custodian are internal Argentine bonds.**

THE COURT:  Can I just interrupt you?

MS. WAGNER:  Sure.

THE COURT:  I apologize for not getting to your motion.  There are other things.  I want to get to it.  Is there any opposition to that motion?

MR. FRIEDMAN:  Your Honor, this is Edward Friedman on behalf of the Aurelius and Blue Angel plaintiffs.

The opposition to that motion is, to begin with, that your Honor's amended February 23 orders are clear that the orders cover exchange bonds, and Citibank is now asking the Court to modify the amended February 23 orders so that --

**THE COURT:  Let me interrupt you.  It is my understanding, Ms. Wagner, correct me if I'm wrong --**

**MS. WAGNER:  Certainly, your Honor.**

**THE COURT:  -- because we've been at this before.**

**MS. WAGNER:  Yes, we have, your Honor.**

**THE COURT:  And it is my understanding that the bonds you're talking about have been treated differently --**

**MS. WAGNER:  Completely --**

**THE COURT:  -- all along.**

**MS. WAGNER:  Completely differently, your Honor.  Yes.**

**THE COURT:  And I think that to grant your motion -- and I may have granted a similar motion before -- to grant your motion does not affect the other bonds of concern at all.**

**MS. WAGNER:  That's correct, your Honor.**

THE COURT:  All right.  I will grant your --

MR. FRIEDMAN:  Your Honor, may I be heard, please?

THE COURT:  What?

5

MR. FRIEDMAN:  With all respect, the Citibank motion addresses bonds that are clearly within the scope of exchange bonds.  It is illegal under your Honor's orders that have been affirmed for Argentina to pay those bonds, and it is illegal for Citibank to facilitate those payments.  This is a very serious matter as far --

THE COURT:  I simply disagree with everything you're now saying.  I will grant Ms. Wagner's motion.

MS. WAGNER:  Thank you very much, your Honor.

THE COURT:  Now, what do I need to sign?

MS. WAGNER:  We'll hand up an order, your Honor.

THE COURT:  Good.

MS. WAGNER:  Thank you.

THE COURT:  I'll do it, I'll do it.

MS. WAGNER:  Thank you, your Honor.

(Transcript of June 27, 2014 Hearing ("June 27 Tr.") at 25:25-27:24 (emphasis added).)  There

was no other discussion of Citibank's motion at the June 27 Hearing.

Later on June 27, 2014, the Court entered the proposed order submitted by

Citibank, which provides that:

UPON consideration of Citibank, N.A.'s motion for clarification or modification, plaintiffs' opposition thereto, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is hereby:

1.     CLARIFIED that this Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso and U.S. Dollar-denominated bonds—governed by Argentine law and payable in Argentina— that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina.

(*See, e.g.*, Docket No. 393 in Action No. 09-cv-8757.)

## STANDARD OF REVIEW

Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York allows a party to move for reconsideration or reargument by serving a notice of motion and "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Such a motion "is appropriate where the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012) (citations omitted); *see also Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) ("Reconsideration may be granted to correct clear error [or] prevent manifest injustice.") (citation omitted).  Plaintiffs meet these standards here.

## ARGUMENT

### I.

### THE CLARIFICATION ISSUED TO CITIBANK SHOULD APPLY ONLY TO THE PESO-DENOMINATED BONDS, NOT TO THE DOLLAR-DENOMINATED BONDS

During the June 27 Hearing, as appears from the transcript quoted above, there was no discussion of any differences between the Peso-denominated Bonds and the U.S. Dollar-denominated Bonds.  All the bonds were described as "internal Argentine bonds."  (June 27 Tr. at 26:5-6.)  As a consequence, the Court may have overlooked the critical fact that while some of these bonds are denominated in Argentine pesos – and therefore are not "External Indebtedness" under the FAA – the bonds denominated in U.S. dollars are External Indebtedness, and as such are unambiguously covered by the *pari passu* clause in the FAA, and were always intended by the Court to be covered by the Amended February 23 Orders.

7

Moreover, there were other statements made about the bonds generally during the hearing that Plaintiffs believe may have resulted in the Court not appreciating the difference between the Peso-denominated Bonds and the U.S. Dollar-denominated Bonds – for example, statements that the bonds have been "treated differently . . . all along," and that the Court "may have granted a similar motion before."  (*Id.* at 26:23-27:6.)  In fact, the Court has <u>never</u> treated the U.S. Dollar-denominated Bonds differently than any other Exchange Bonds.  Nor would there be any reason to treat such U.S. Dollar-denominated Bonds differently from other Exchange Bonds, because they are plainly "External Indebtedness" under the *pari passu* clause. The U.S. Dollar-denominated Bonds, moreover, have never been the subject of any decision of the Court (other than, of course, the Amended February 23 Orders).

Courts in this district often grant motions for reconsideration when they have overlooked or misunderstood important facts.  *See, e.g.*, *PC-Palladio, LLC v. Nassi*, No. 13 Mc. 234, 2014 WL 1316354, at *1 (S.D.N.Y. Apr. 2, 2014) (reversing order requiring turnover of assets when court had "misapprehended the nature of the account from which it ordered the funds to be paid"); *Schoolcraft*, 298 F.R.D. at 137-38 (reversing earlier opinion that had "overlooked . . . critical facts," after defendant "provided additional color" to those facts).  Here, the Court might have mistakenly believed that the U.S. Dollar-denominated Bonds were not External Indebtedness, and/or that the U.S. Dollar-denominated Bonds had been the subject of prior rulings.  Partial reconsideration is therefore appropriate, and Plaintiffs respectfully request that the Court amend the Citibank Order to make it applicable only to the Peso-denominated Bonds.  To the extent Citibank has already transferred payments with respect to the U.S. Dollar-denominated Bonds due June 30, 2014, the amended form of order would apply to Citibank's <u>future</u> activities.

8

**A.    Citibank Does Not Deny That the Dollar-Denominated Bonds Are
"External Indebtedness," or that the Republic's Payment of those Bonds
Violates the _Pari Passu_ Clause and the Amended February 23 Orders**

It is true (as Plaintiffs acknowledged in their opposition to Citibank's motion) that

the bonds denominated in <u>pesos</u> are not External Indebtedness under the FAA's _pari passu_

clause.  But the bonds denominated in U.S. dollars <u>are</u> External Indebtedness, and Citibank has

never argued otherwise.  These U.S. Dollar-denominated Bonds are therefore unquestionably

subject to the _pari passu_ clause, and the payment obligations under Plaintiffs' bonds are entitled

to an equal ranking to these U.S. Dollar-denominated Bonds.  The Republic's payments with

respect to these bonds are fully subject to the Amended February 23 Orders.  And a third party,

such as Citibank, should not be granted permission to facilitate payments that are illegal for the

Republic to make.

The Amended February 23 Orders require the Republic to make a Ratable

Payment to Plaintiffs whenever it makes a payment on any "Exchange Bonds," which are

defined as "the bonds or other obligations issued pursuant to the Republic's 2005 or 2010

Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange

Offers that may occur in the future."  (Amended February 23 Orders ¶ 2(a).)  Citibank does not

deny that the U.S. Dollar-denominated Bonds are "Exchange Bonds," subject to the Amended

February 23 Orders as written.  (_See_ Citi Mem. at 4 ("The Argentine Law Bonds, which are also

Exchange Bonds . . ."); _see also id._ at 1 (describing the bonds as having been "issued by the

Republic of Argentina in 2005 and 2010").)  Nor does Citibank deny that these U.S. Dollar-

denominated Bonds are External Indebtedness under the FAA, and subject to the _pari passu_

provision in that agreement.  _See_ FAA ¶ 1(c) ("The payment obligations of the Republic under

[Plaintiffs' bonds] shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness.")

One additional reason for the Court to reconsider the Citibank Order with respect to the U.S. Dollar-denominated Bonds is that the Republic and other parties in the payment stream are attempting to use the Citibank Order to render the Amended February 23 Orders ineffective.  Euroclear and Clearstream have recently advised that they have received payments from Citibank on the Argentine law Exchange Bonds, including the U.S. Dollar-denominated Bonds, and they are moving for permission to distribute those payments to their participants and bondholders in the U.S. and Europe.  (*See  e.g.*, Docket No. 562, 566 in Action No. 08-cv-6978.) The "Euro Bondholders" have also cited the Citibank Order in support of their own motion, which concerns Exchange Bonds *not* governed by Argentine law.  (*See, e.g.*, Docket No. 391 in Action No. 09-cv-8757, at 5 n.5.)  Such streams of payments, alleged to be proper based on the Citibank Order, would significantly frustrate the Amended February 23 Orders.

As the Court knows, the Republic has repeatedly tried to evade the effect of the Amended February 23 Orders, including on multiple occasions in the last month subsequent to the Supreme Court's denial of *certiorari*. Any opening or breach in the injunctive relief granted by this Court will only provide further avenues for the Republic's efforts to circumvent and disobey the orders of this Court.

Thus, Plaintiffs request a ruling that the clarification the Court issued for Citibank with respect to the Peso-denominated Bonds is not applicable to the U.S. Dollar-denominated Bonds.  The Citibank Order should be reconsidered to make clear that it does not apply to U.S. Dollar-denominated Bonds.

10

**B.     The Dollar-Denominated Bonds Have *Not* Been
        <u>Treated Differently from Other Exchange Bonds</u>**

During the hearing on June 27, there was a suggestion that the Court may have

granted a similar motion for Citibank previously:

> THE COURT:  And I think that to grant your motion -- and I may
> have granted a similar motion before -- to grant your motion does
> not affect the other bonds of concern at all.
>
> MS. WAGNER:  That's correct, your Honor.

(June 27 Tr. at 27:3-27:6)

In fact, the Court has never previously held that the U.S. Dollar-denominated

Bonds should be treated differently than other Exchange Bonds for purposes of the *pari passu*

clause.  The two decisions relied upon by Citibank are completely inapposite.  As explained

below, both involved <u>attachment</u> proceedings, obviously different from the present situation,

which only involves enforcement of an injunction.

In *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715,

2010 WL 768874, at *2, 4 (S.D.N.Y. Mar. 5, 2010), the Court ruled that the Aurelius Plaintiffs

could not attach, restrain, or execute upon certain assets of the Republic held in Citibank

custodial accounts in Argentina because those assets could not be considered to be "in the United

States" for purposes of the Foreign Sovereign Immunities Act ("FSIA").  That decision did not

concern the *pari passu* clause, the Amended February 23 Orders, any bonds issued by the

Republic, or the role of Citibank (or Euroclear or Clearstream) in facilitating payments on

Argentine bonds.

In *EM Ltd. v. Republic of Argentina*, 865 F. Supp. 2d 415 (S.D.N.Y. 2012), the

Court vacated orders purporting to attach funds of the Republic held in the accounts of Citibank

and the Banco Central de la Republica Argentina ("BCRA") at the Federal Reserve Bank of New

York, which funds plaintiffs alleged were used by the Republic to make payments on certain bonds (but not the bonds at issue here).  The Court ruled that the accounts did not contain any assets belonging to the Republic, and that the assets in the BCRA account were immune from attachment under the FSIA.  *Id.* at 423-24.  The Court did not make any rulings regarding Citibank's role with respect to the bond payments – which were different than the bonds at issue here – let alone the *pari passu* clause or the Amended February 23 Orders.

　　　　Finally, it should be noted that although Citibank originally moved for "clarification" in May 2013, the Court declined to consider that motion.  (*See* Docket No. 344 in Action No. 09-cv-8757.)  Thus, the U.S. Dollar-denominated Bonds at issue here have never previously been treated differently from other External Indebtedness by this Court, and there is no basis for treating those bonds other than identically to any other Exchange Bonds.  To the extent the Court was led to believe that the U.S. Dollar-denominated Bonds have been treated differently from other Exchange Bonds, partial reconsideration is warranted.  The U.S. Dollar-denominated Bonds are Exchange Bonds under the Amended February 23 Orders, and External Indebtedness under the FAA and the *pari passu* provision therein.  Thus, while Plaintiffs accept that the Citibank Order will permit payment on the Peso-denominated Bonds, it should not permit payment on the U.S. Dollar-denominated Bonds.

12

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion for partial reconsideration be granted, and that the Court rule that the clarification issued in the Citibank Order is applicable only to the Peso-denominated Bonds, and not the U.S. Dollar-denominated Bonds.

Dated: New York, New York
      July 10, 2014

                                                   */CEE*

                            Edward A. Friedman (efriedman@fklaw.com)
                            Daniel B. Rapport (drapport@fklaw.com)
                            Charles E. Enloe (cenloe@fklaw.com)
                            FRIEDMAN KAPLAN SEILER
                                & ADELMAN LLP
                            7 Times Square
                            New York, New York 10036-6516
                            (212) 833-1100

                            *Attorneys for Plaintiffs Aurelius Capital Master, Ltd.,*
                            *Aurelius Opportunities Fund II, LLC, ACP Master,*
                            *Ltd., Blue Angel Capital I LLC*

                            Kevin S. Reed
                            (kevinreed@quinnemanuel.com)
                            QUINN EMANUEL URQUHART
                              & SULLIVAN, LLP
                            51 Madison Avenue, 22nd Floor
                            New York, New York 10010
                            (212) 849-7000

                            *Attorneys for Plaintiff NML Capital, Ltd.*

13

Michael C. Spencer
(MSpencer@milberg.com)
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

*Attorneys for Plaintiffs Pablo Alberto Varela, et al.*

Leonard F. Lesser
(llesser@simonlesser.com)
SIMON LESSER PC
355 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 599-5455

*Attorneys for Plaintiff Olifant Fund, Ltd.*

14