CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
CRAIG B BROD
MITCHELL A LOWENTHAL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ

CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU

ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A BAREFOOT
PAMELA L MARCOGLIESE
PAUL M TIGER
JONATHAN S KOLODNER
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
HUGH C CONROY JR
KATHLEEN M EMBERGER
WALLACE L LARSON JR
JAMES D SMALL
AVRAM E LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
CAROLINE F HAYDAY
JOHN V HARRISON
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

July 27 2014

BY EMAIL AND ECF

Honorable Thomas P. Griesa
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG) and 09 Civ. 1708 (TPG); and related cases

Dear Judge Griesa:

I write in response to plaintiffs' letter of July 23, 2014 and to further address Your Honor's question at the July 22 conference about the amount of U.S. dollar-denominated Argentine law bonds ("Argentine Law Dollar Bonds") for which Citibank N.A.'s ("Citibank") Argentine branch acts as bondholder custodian.

While, as plaintiffs report, there is approximately $8.4 billion in principal amount of Argentine Law Dollar Bonds outstanding, the vast majority of that amount, *i.e.*, $6.1 billion, is comprised of indistinguishable, fungible bonds *not issued pursuant to the Republic's Exchange Offers*, including, as Citibank notes in its July 23 letter, the $1.75 billion in principal now outstanding on bonds that were issued as part of the Republic's settlement with Repsol S.A.[1]  *See*

---

[1] In addition to not being "Exchange Bonds," these bonds are also not "External Indebtedness" covered by the *pari passu* clause, notwithstanding plaintiffs' assertion to the contrary. That term excludes from its scope "Domestic Foreign Currency Indebtedness," which includes securities issued "in a currency other than the lawful currency of the Republic" and "offered exclusively within the Republic of Argentina." As plaintiffs acknowledge by conceding

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE

Honorable Thomas P. Griesa, p. 2

Citibank July 23, 2014 Letter at 2. Over 72% of the Argentine Law Dollar Bonds targeted by plaintiffs accordingly do not meet the definition of "Exchange Bonds" covered by the Amended February 23, 2012 Orders ("Injunctions"). The result of plaintiffs' belated request to extend the Injunctions to cover all Argentine Law Dollar Bonds would be the legally groundless and unfair extension of the Inunctions to payments having nothing to do with Exchange Bonds.

Once the bonds not issued pursuant to the Exchange Offers are properly excluded, the total amount of additional bonds that plaintiffs ask the Court to subject to the Injunctions – $2.3 billion in outstanding principal – represents only 4.8% of the total universe of the approximately $47.8 billion of Exchange Bonds outstanding (not the 22.5% that plaintiffs claim).[2] As a practical matter, it is therefore clear that the Court did not intend the Injunctions to reach the small amount of Argentine Law Dollar Bonds issued pursuant to the Exchange Offers, while subjecting to hardship the holders of the far greater number of Argentine Law Dollar Bonds having nothing to do with this dispute and not covered by the *pari passu* clause.

As the Court recognized at the July 22 conference, the Argentine Law Dollar Bonds are fundamentally different from the Exchange Bonds subject to the Injunctions.[3] Unlike the latter, the Argentine law bonds are paid in Argentina rather than through the Bank of New York Mellon, were not issued pursuant to the Indenture, dated June 2, 2005, did not submit to U.S. jurisdiction, are sitused in Argentina, and until now were never the subject of proceedings before this Court or the subject of its Orders. The problems highlighted here, and in Citibank's July 23 letter, only further demonstrate why the Court was right to treat them differently in its June 27, 2014 Order and to decline to enlarge the Injunctions to cover them at this late date. The impractical and unfair result of plaintiffs' demand to expand the Injunctions to capture a small proportion of additional Exchange Bonds would be to treat as collateral damage a larger number of Republic creditors who do not even hold such bonds, without helping to bring about the global resolution that the Court and parties desire.

Respectfully submitted,

Carmine D. Boccuzzi Jr.

cc: Counsel of Record

---

that the peso-denominated Argentine Law Bonds are not covered by the Injunctions, the Injunctions cannot be extended to bonds that do not constitute External Indebtedness.

[2] To inflate their proportion figure, plaintiffs exclude from the universe of Exchange Bonds peso-denominated bonds issued pursuant to the Republic's 2005 and 2010 Exchange Offers and calculate a lower "Total Exchange Bonds" amount of $37.1 billion. Even if plaintiffs' were correct to omit those bonds, the Argentine Law Dollar Bonds would still represent only 7.4% of all Exchange Bonds (plaintiffs' $37.1 billion universe less the $6.1 billion of Argentine Law Dollar Bonds not issued pursuant to the Exchange Offers).

[3] As Argentina stated in its July 21, 2014 submission, Argentina believes that the Injunctions cannot be properly applied to Exchange Bonds payable entirely outside of the United States to non-U.S. persons, but that is not the subject of this letter.